UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RENATO M. ALMEDA, individually and as distribute of the Estate of Corazon C. Almeda; ESTATE OF CORAZON C. ALMEDA; JPMORGAN CHASE BANK N.A.; PNC BANK N.A.; and KING COUNTY, WASHINGTON,<br><br>　　　　　　　Defendants. | CASE NO. 2:19-cv-01137-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

　　　Before the Court is the Stipulation of Plaintiff United States of America ("United States") and Defendants King County, Washington ("King County") and JPMorgan Chase Bank N.A. ("Chase"). Dkt. 11. Although served with the summons and complaint, Defendants Estate of Corazon C. Almeda and PNC Bank NA have not appeared in this action. *See* Dkts. 3 and 10. The United States certifies that it sent an electronic copy of the Stipulation Robert J. Franco, as Attorney for both Renato Almeda and the Estate of Corazon C. Almeda; and mailed a copy of the Stipulation to PNC Bank, NA.

　　　United States, King County, and Chase ask that the Court adopt the Stipulation pursuant to LCR 10(g). The undersigned recommends that the Court adopt the Stipulation as proposed.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

The United States filed this action to reduce to judgment federal income tax assessments against Renato M. Almeda and the Estate of Corazon C. Almeda, for the years 2005, 2006, 2007, 2009, 2010, 2012, 2013, and 2015, and to foreclose federal tax liens on real property located in King County, Washington (the "Subject Property"). *See* Complaint (Dkt. 1) and Stipulation (Dkt. 11 at 1-2).

King County and Chase were named as defendants solely to fulfill the requirements of 26 U.S.C. § 7403(b), because they may claim an interest in the Subject Property. Specifically, King County has an interest in the Subject Property in the event 2019 real property taxes on the Subject Property are not timely paid. Specifically, Chase has a lien interest in the Subject Property by virtue of a Deed of Trust recorded with the King County Auditor on June 5, 2006, at No. 20060605000629. Dkt. 11, ¶¶ 4, 5.

The purpose of the parties' Stipulation is to agree to the priority of their interests or liens in the event the Court permits the sale of the Subject Property. The parties agree that any order of sale shall provide that the sale proceeds will be distributed first for the costs and expenses of the sale; second to King County for any real property tax and/or special assessment liens that are entitled to priority over prior security interests under Washington law and pursuant to 26 U.S.C. § 6323(b)(6), if any exist; then third to Chase to satisfy its Deed of Trust, then fourth to the United States to satisfy its federal tax liens; and if any proceeds remain, to the remaining Defendants according to their relative priorities and interests as determined by the Court. Dkt. 11, ¶¶ 7-8. The Stipulation further sets forth the parties' agreement regarding the submission of payoff figures and their agreement to be bound by any judgment consistent with the Stipulation. *Id.*, ¶¶ 9-11.

REPORT AND RECOMMENDATION - 2

1    The parties to the Stipulation further request that King County and Chase should be
2 excused from further participation in this action, including but not limited to court hearings,
3 discovery, alternative dispute resolution, and trial in this action. The United States and Chase
4 also agree that Chase will be treated like a non-party for purposes of discovery. *Id.*, ¶ 12.

5    Having carefully reviewed the Stipulation, the undersigned recommends that it be
6 adopted by the Court as proposed.

## OBJECTIONS AND APPEAL

8    This Report and Recommendation is not an appealable order. Therefore, a notice of
9 appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
10 assigned District Judge enters a judgment in the case.

11    Objections, however, may be filed and served upon all parties no later than **November
12 11, 2019.** The Clerk should note the matter for **November 13, 2019**, as ready for the District
13 Judge's consideration if no objection is filed. If objections are filed, any response is due within
14 14 days after being served with the objections. A party filing an objection must note the matter
15 for the Court's consideration 14 days from the date the objection is filed and served. The matter
16 will then be ready for the Court's consideration on the date the response is due. Objections and
17 responses shall not exceed six (6) pages. The failure to timely object may affect the right to
18 appeal.

19    DATED this 25th day of October, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3